35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles DIRCKEN, Plaintiff-Appellant,
v.
STATE OF MICHIGAN, DEPARTMENT OF EDUCATION, VOCATIONAL
REHABILITATION, Defendant-Appellee.
 No. 93-2545.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Dircken, appearing pro se, appeals a district court judgment dismissing his civil rights suit filed under Title VII, 42 U.S.C. Sec. 2000e and the Equal Pay Act of 1963, 29 U.S.C. Sec. 206(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Dircken sued the Michigan Department of Education, alleging that it had denied him a promotion because of his age and gender. Dircken also alleged that the defendant's actions violated the Equal Pay Act. After reviewing the defendant's motion to dismiss or in the alternative for summary judgment, as well as plaintiff's response, the district court granted the defendant's motion, concluding that Dircken had not filed his charge with the Equal Employment Opportunity Commission (EEOC) within 300 days, as required by 42 U.S.C. Sec. 2000e-5(e). Dircken has filed a timely appeal reasserting his same claims.
 
 
 3
 We conclude that the district court improperly dismissed Dircken's claims of age and sex discrimination. The parties agree that the discriminatory act complained of occurred on August 4, 1989. The district court improperly concluded that Dircken did not file a timely complaint with the EEOC. Dircken filed a charge with the Michigan Department of Civil Rights (MDCR), however, on May 25, 1990, within 300 days, and filed a charge with the EEOC on June 15.
 
 
 4
 In a deferral state such as Michigan, a charge of discriminatory conduct must be filed with the EEOC within 300 days after the alleged unlawful act occurs. See 42 U.S.C. Sec. 2000e-5(e). Dircken allegedly filed a timely charge of discrimination with the EEOC. MDCR and the EEOC operate together under a work sharing agreement, under which the EEOC and the MDCR have each designated the other as its agent for the purpose of receiving charges. Under a work sharing agreement between the two agencies, the state agency acts as agent for the EEOC, thus filing a charge with the state agency constitutes a simultaneous filing with the EEOC. Brown v. Crowe, 963 F.2d 895, 898 (6th Cir.1992). Dircken's filing of a charge of discrimination on May 25 with the MDCR accordingly constituted a simultaneous and timely filing with the EEOC.
 
 
 5
 We also remand Dircken's claim under the Equal Pay Act. Although this claim appears to be conclusory, Dircken does allege that he was denied a promotion based on his gender. Thus, we remand this claim to the district court alone with his Title VII claim.
 
 
 6
 Accordingly, we hereby vacate the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.